

Besar Thaci, Associate
besar@cw.legal

July 9, 2020

*VIA ECF ONLY*

Hon. Katharine H. Parker, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/10/2020

    *Re:*    Adrian Wilson v. D'Apostrophe Design Inc.
          *Docket No.: 20-cv-0003*

**MEMO ENDORSED**

Dear Judge Parker:

    This firm represents the defendant, D'Apostrophe Design Inc. ("D'Apostrophe"), in the above-referenced action. Pursuant to Your Honor's Individual Practices in Civil Cases, and Local Civil Rule 37.2, D'Apostrophe submits this letter to request a pre-motion discovery conference. D'Apostrophe believes that plaintiff, Adrian Wilson, is not conducting discovery in good faith and intends to file a motion to compel or dismiss and/or for sanctions.

    On April 10, 2020, D'Apostrophe served upon Mr. Wilson its first set of requests for the production of documents (the "Requests"). On May 11, 2020, Mr. Wilson responded to the Requests (the "Responses") by providing incomplete, argumentative and largely canned objections, without producing a single document. Subsequently, on June 3, 2020, Mr. Wilson provided his first document production (consisting of 57 pages in total) after intensive correspondence and requests by Apostrophe (which led to a joint status letter, so-ordered by Your Honor on May 23, 2020 (Dkt. 15), directing him to produce).

    The Requests were primarily pointed at all documents and communications relative to the alleged registration of the subject photographs with the U.S. Copyright Office, inclusive of any copyright applications and deposit files, as well as all agreements with and proof of payment by any third-parties in connection with the use of the photographs. These documents are critical in determining whether or not the photographs subject to the complaint were registered prior to the filing thereof, and to D'Apostrophe's defense that Mr. Wilson has been paid in full by at least one third-party for D'Apostrophe's use of the photographs. The Responses provided in pertinent parts that "[p]laintiff shall produce non-privileged documents in [*sic*] her possession responsive to" those requests.

    Accordingly, on June 30, 2020, D'Apostrophe outlined the deficiencies in the Responses and the document production, and requested in good faith that Mr. Wilson cure them within seven days. One of the major deficiencies identified by D'Apostrophe was the lack of deposit files

Hon. Katharine H. Parker, U.S.M.J.
July 9, 2020
Page 2

---

associated with the subject copyrights. Subsequently, on July 7, 2020, an ensuing meet and confer telephonic conference took place in an attempt to resolve this discovery dispute. During the conference, Mr. Wilson's counsel, Richard Liebowitz indicated that he refused to produce a copy of the requested deposit files.

It is D'Apostrophe's position that the deposit files should be produced by Mr. Wilson as they will confirm whether or not the photographs on account of which he seeks to recover were actually registered prior to the commencement of this action. *See Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC,* 139 S. Ct. 881, 887 (2019) ("registration is akin to an administrative exhaustion that the owner must satisfy before suing to enforce ownership rights"). Although the subject registration lists certain photographs by electronic file name (i.e., "10.11.14_Wilson(1) [through] (13).jpg,") there is no indication in the document production or otherwise that the photographs subject to the complaint are amongst those listed in the registration. In other words, nothing in the production demonstrates the basis for the allegation that the photographs he is suing on are part of the subject registration. This is especially important given that, as this court found in *Usherson v. Bandshell Artist Mgmt.*, "it is the regular practice of the Liebowitz Law Firm to file copyright infringement cases without verifying that the works in question are properly registered." 2020 U.S. Dist. LEXIS 112368, at *30 (S.D.N.Y., Jun. 26, 2020). In fact, in *Usherson,* "Mr. Liebowitz admitted that 'Paragraph 9 of the Complaint' was 'inaccurate' because the Photograph was not, in fact, registered 'as part of the 046 Registration.'"[1] *Id.* The Court concluded:

> that sanctions must be imposed on Mr. Liebowitz and his firm, as follows:
> (1) Within seven days of the date of this Opinion and Order, Mr. Liebowitz and his firm shall pay to the Clerk of Court ***sanctions totaling $103,517.49***;
> …
>
> (4) By the same date [i.e., July 26, 2020], Mr. Liebowitz and his firm ***shall file a copy of this Opinion and Order on the docket of any currently pending case that was brought by Mr. Liebowitz or his firm and Mr. Liebowitz shall file a declaration attesting to the same on ECF***;
> …
>
> (6) ***In any action that is filed within one year of the date of this Opinion and Order by Mr. Liebowitz or his firm that involves allegations or claims of copyright infringement, the complaint shall include as an attached exhibit a copy of the deposit files maintained by the U.S. Copyright Office reflecting prior registration of the relevant copyrighted work or works at issue***.

*See Usherson,* 2020 U.S. Dist. LEXIS 112368, at 80-81 (emphasis added).

---

[1] As in *Usherson*, here, it is also paragraph 9 of the complaint that alleges that the "Photographs were registered with the United States Copyright Office and were given registration number VA 2-173-457." *See* Dkt. 1.

D'Apostrophe's suspicion that the photographs that Mr. Wilson alleges to be registered with the Office might actually not be registered (now or when the complaint was filed), is driven not only by the defective document production and Responses, Mr. Liebowitz's proven conduct of failing to investigate the evidentiary basis of the complaints he files, as well as his stonewalling of D'Apostrophe's requests, but also his defiance of prior orders to provide copies of deposit files in similar actions. For example, in *Rock v. Enfants Riches Deprimes, LLC,* this court held that:

> Mr. Liebowitz had the responsibility to ensure that the Photograph was registered before filing the complaint. *See* Federal Rules of Civil Procedure 11(b)(3). Compounding this is the fact that, when faced with the prospect of the Defendants learning that the Photograph was not registered, Mr. Liebowitz actively stonewalled discovery requests. ***For example, Mr. Liebowitz failed to comply with*** Magistrate Judge Freeman's Order to obtain and produce Copyright Office ***documents regarding the 990 Registration and failed to respond to multiple requests from the Defendants for these documents***. ***This led counsel for Defendants to have to separately request and obtain the 990 Registration documents at their own expense***. Courts may impose sanctions for misconduct during discovery, including for harassment, delay, or other instances of bad faith. After it became apparent that the Photograph was not registered, Mr. Liebowitz then argued that the 990 Registration had 'mistakenly' excluded the Photograph. Not only did Mr. Liebowitz provide no evidentiary support for this argument, it is also plainly contradicted by the record.

2020 U.S. Dist. LEXIS 15081, at 7-8 (sanctioning Mr. Liebowitz and the Liebowitz Law Firm PLLC). Clearly, based on the overwhelming authority recited above, it is Mr. Liebowitz's obligation to provide a copy of the deposit files with the Office, and to the extent he has refused to do so, he should be compelled by a court order to provide such disclosure or otherwise the complaint should be dismissed and Mr. Liebowitz sanctioned.

For these reasons, D'Apostrophe respectfully requests the Court to schedule a pre-motion conference at its earliest convenience, to further set forth its basis for the anticipated motion.

D'Apostrophe thanks the Court for its time and attention to this matter.

Respectfully,

/s/ Besar Thaci
Besar Thaci

cc: Richard P. Liebowitz, Esq.
(*via* ECF)

---

**A telephonic Pre-motion Conference in this matter is hereby scheduled for Thursday, July 23, 2020 at 2:00 p.m. Counsel is directed to call into Judge Parker's teleconference line at the scheduled time. Please dial (866) 434-5269, Access code: 4858267.**

SO ORDERED:

*Katharine H. Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
07/10/2020