UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ADRIAN WILSON,

                              Plaintiff,

          -against-

D'APOSTROPHE DESIGN INC.

                             Defendant.

-----------------------------------------------------------------X

20-CV-0003 (LAK) (KHP)

**OPINION AND ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

      Following the rejection of its Rule 68 offer, Defendant D'Apostrophe Design Inc. ("D'Apostrophe" or "Defendant") seeks a bond of $50,000 in this copyright action, which was filed by attorney Richard Liebowitz ("Liebowitz") on behalf of Plaintiff Adrian Wilson ("Plaintiff" or "Wilson").  For the reasons stated below, D'Apostrophe has successfully shown that it is entitled to a bond, but only in the amount of $20,000.

**BACKGROUND**

      Plaintiff is a professional photographer who licenses his photographs to online and print media for a licensing fee.  Defendant is an architecture and design company with offices in both New York and Los Angeles.  This case concerns eight photographs Plaintiff took capturing the inside of a Jill Stuart retail store.  These photographs were later registered with the United States Copyright Office and were assigned registration number VA 2-173-457.  Compl. ¶ 9. Subsequently, Plaintiff licensed the use of those photographs to Jill Stuart, an American fashion designer, granting Ms. Stuart and/or her store unlimited reproduction rights of the images upon full payment of the licensing fee.  Declaration of Michael R. Wood ¶ 3; Ex. A, ECF No. 16-1

("Wood Decl."). An invoice between Wilson and Jill Stuart indicates that Plaintiff conferred the right to reproduce the images "for an unlimited time" to Ms. Stuart and/or her company. Wood Decl., Ex. A.

After fully satisfying the licensing fee, Jill Stuart sub-licensed these photographs to D'Apostrophe so that the images could be displayed on D'Apostrophe's website. Wood Decl. ¶ 4. The parties do not dispute that D'Apostrophe did, in fact, display the photographs on its website. Then, approximately five years after D'Apostrophe first used these images, Wilson sent an invoice to D'Apostrophe, dated January 31, 2019, requesting payment of a $4,000 licensing fee for the photographs used ($500 per image). Wood Decl. ¶ 6; Ex. C.

On January 1, 2020 Plaintiff filed his Complaint with this Court commencing the instant action. In the Complaint, Plaintiff alleges copyright infringement under 17 U.S.C. §§ 106 and 501. Compl. ¶¶ 12-16. Less than a month later, on January 27, 2020, D'Apostrophe served Wilson with an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. Wood Decl. ¶ 8. The offer was for $4,000, an amount consistent with Wilson's initial invoice from January of 2019. *Id.* The parties both represent that Mr. Liebowitz rejected this offer on behalf of his client and presented a counteroffer many times higher.

On June 24, 2020 D'Apostrophe filed a motion, with accompanying exhibits and a memorandum of law ("Def's Mem."), requesting that the Court require Wilson to post a $50,000 bond to cover D'Apostrophe's costs in the event Wilson ultimately recovers less than the initial offer of judgment. Wilson, by and through Mr. Liebowitz, submitted a Memorandum of Law in Opposition to Defendant's Motion for a Bond ("Wilson Opp.") on July 8, 2020.

D'Apostrophe then filed its Reply Memorandum of Law in further support of its motion on July 16, 2020.  For the reasons set forth below, the Defendant's motion for a bond is GRANTED.

### DISCUSSION

Local Civil Rule 54.2 provides, in relevant part, that: "[t]he Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate."  S.D.N.Y. Local Civ. R. 54.2.  To determine whether a party should be required to file such a bond, courts consider: (1) the party at issue's financial condition and ability to pay; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the underlying claim; (4) the scope of discovery; (5) the legal costs expected to be incurred; and (6) the party at issue's compliance with past court orders.  *Cruz v. Am. Broad. Cos.*, No. 17-cv-8794 (LAK), 2017 WL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017) (citing *Selleti v. Carey*, 173 F.R.D. 96, 100 (S.D.N.Y. 1997) (Chin, J.), *aff'd*, 173 F.3d 104 (2d Cir. 1999)).[1]  However, courts in this District recognize that in copyright cases like this one the inquiry is limited to the fifth and sixth factors referenced above.  *Sadowski v. Ziff Davis, LLC*, No. 20-cv-2244 (DLC), 2020 WL 3397714, at *2 (S.D.N.Y. June 19, 2020); *see also Rice v. Musee Lingerie, LLC*, No. 18-cv-9130 (AJN), 2019 WL 2865210, at *2 (S.D.N.Y. July 3, 2019) (collecting cases).  Moreover, courts have "broad discretion" in determining whether a bond is appropriate.  *Rice*, 2019 WL 2865210, at *1 (quoting *Beautiful Jewellers Private Ltd. v. Tiffany & Co.*, No. 6-cv-3085 (KMW) (FM), 2008 WL 2876508, at *2 (S.D.N.Y. July 21, 2008)).  As explained in further detail below, both factors weigh heavily in favor of requiring Plaintiff to post a bond.

---

[1] Although Plaintiff argues that Defendant has failed to demonstrate that Wilson's claim is objectively unreasonable, such a showing is unnecessary.  Wilson Opp. at 13.

**A. Legal Costs**

Beginning with the fifth factor – legal costs expected to be incurred – courts in this District analyze this prong by assessing the prospect that defendants might be entitled to costs under the Copyright Act. *See Leibowitz v. Galore Media, Inc.*, No. 18-cv-2626, 2018 WL 4519208, at *2 (S.D.N.Y. Sept. 20, 2018); *Rice*, 2019 WL 2865210, at *1; *Sadowski*, 2020 WL 3397714, at *2.

In this case, Wilson may very well be required to pay D'Apostrophe's costs and attorney's fees incurred over the course of this litigation. Pursuant to Rule 68(d) of the Federal Rules of Civil Procedure, if a settlement offer is rejected and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). Without ruling on the merits of Wilson's underlying claim, it is unlikely that Wilson, even if he prevails, will recover damages in excess of what D'Apostrophe has already offered.

First, it bears noting that Plaintiff seeks actual damages for Defendant's alleged copyright infringement along with any profits attributable to the alleged infringement. Compl. at 4. To determine actual damages in a copyright action, courts in this District often approximate lost licensing fees based on an estimated fair market value of the fee the owner was entitled to charge. *Eva's Photography, Inc. v. Alisa, LLC*, No. 20-cv-1617 (MKV), 2020 WL 2904848, at *1 (S.D.N.Y. June 3, 2020). This is not based on the highest use for which the plaintiff might have possibly licensed the material. Rather, the fair market value is calculated based on the use the infringer made. *Id.* (citing *On Davis v. The Gap, Inc.*, 246 F.3d 152, 166 n.5 (2d Cir. 2001).

Here, even assuming that the original $500 per image licensing fee charged by Wilson in his January 2019 invoice to D'Apostrophe is reasonable, D'Apostrophe has already offered Wilson that $4,000 he initially requested.  Wood Decl. ¶ 8.  To be sure, the Court acknowledges that actual damages, if awarded, would also include any profits that D'Apostrophe obtained through its infringement.  However, the record suggests (1) that D'Apostrophe removed the images as soon as Wilson informed it of the alleged infringement; (2) that the images were used for editorial purposes only; and (3) that Wilson licensed the photographs at issue to Jill Stuart to be reproduced "in any way for an unlimited time."  Wood Decl. ¶ 5; Ex. A; Def's Mem. at 6 n.2.  Thus, D'Apostrophe's profits attributable to these images are, in all likelihood, quite limited.  Therefore, absent additional evidence, it is highly unlikely that Plaintiff will receive a judgment in excess of the $4,000 Rule 68 offer.[2]

Critically, it is well-held that when a plaintiff in a copyright case recovers less than the defendant's Rule 68 offer of judgment, the plaintiff is required to pay the defendant's post-offer attorney's fees in addition to other accrued costs.  *Mango v. Democracy Now! Prods., Inc.*, No. 18-cv-10588 (DLC), 2019 WL 3325842, at *4 (S.D.N.Y. July 24, 2019).  This is consistent with the Supreme Courts decision in *Marek v. Chesny*, 473 U.S. 1, 9 (1985).  In *Marek*, the Court held that the term "costs" in Rule 68 refers to all costs properly awardable under the operative statute.  *Id.*  Importantly, a court may award attorney's fees to a prevailing party as part of recoverable costs under the Copyright Act.  17. U.S.C. § 505.  Thus, a copyright plaintiff who

---

[2] The Court recognizes that a full analysis of the merits of Plaintiff's case is inappropriate in ruling on the instant motion.  However, given Plaintiff's counsel penchant for misconduct and filing frivolous lawsuits, the Court determines that a general assessment of this evidence is proper under the circumstances.  *See, e.g.*, *Sadowski*, 2020 WL 3397714, at *2.

receives a final judgment lower than or equal to the amount he/she previously rejected must pay defendant's post-offer attorney's fees as part of its obligation to pay the defendant's costs. *Sadowski*, 2020 WL 3397714, at *3.

Wilson nevertheless argues that, under U.S. copyright law, a non-prevailing defendant cannot shift attorney's fees to the plaintiff under Rule 68(d). In support of this argument Plaintiff heavily relies on a non-binding decision from this District which generally supports the notion that the Copyright Act's language limiting attorney's fees to a "prevailing party" precludes an award of post-offer fees to a defendant in the context of Rule 68. *See Seidman v. Authentic Brands Grp. LLC*, No. 19-cv-8343 (LJL), 2020 WL 1922375, at *6 (S.D.N.Y. Apr. 21, 2020). The Court's research reveals that Mr. Liebowitz has relied on this argument many times in this District and that is has repeatedly been rejected. *See Mango*, 2019 WL 3325842, at *1-5; *Sadowski*, 2020 WL 3397714, at *3. This Court rejects this argument once again.

While the Second Circuit has not squarely addressed the issue of whether defendants may be entitled to post-offer attorneys fees in this context, the case law indicates that Rule 68 "reverses" the operation of Federal Rule 54(d), which precludes an award of attorney's fees to a prevailing party. Therefore, Rule 68 does the opposite and clearly permits a court to mandate a prevailing plaintiff to pay a defendant's post-offer reasonable attorney's fees and costs if the plaintiff's judgment is less favorable than the unaccepted offer of judgement. *Mango*, 2019 WL 3325842, at *3.

Wilson, by and through Mr. Liebowitz, makes another recycled legal argument on this point which has been repeatedly rejected by courts in this District. Specifically, Plaintiff asserts that because Defendant's offer of judgment did not include an admission of liability, an

6

ultimate finding of liability would make the final judgment "more favorable" than the offer of judgment regardless of the total monetary award. Wilson Opp. At 11-12. To substantiate this argument Plaintiff cites the fact that Rule 68(d) only awards post-offer costs if the judgment obtained by a plaintiff is "not more favorable than the unaccepted offer." However, as courts from this District have held multiple times before, because Wilson seeks damages, D'Apostrophe's offer of judgement is a "full response" to that demand. *Mango*, 2019 WL 3325842, at *5; *Sadowski*, 2020 WL 3397714, at *3.

**B.  Compliance with Past Court Orders**

The next relevant factor – compliance with past court orders – also weighs in favor of granting Defendant's motion. Wilson's attorney, Mr. Liebowitz, started filing copyright cases in this District in 2017. Since then, Mr. Liebowitz has become one of the most frequently sanctioned lawyers in this District for violations of court orders as well as dishonesty under oath. *E.g.*, *Usherson v. Bandshell Artist Mgmt.*, No. 19-cv-6368 (JMF), 2020 WL 3483661, at *1 (S.D.N.Y. June 26, 2020); *Mango*, 2019 WL 3325842. Liebowitz does not deny his repeated sanctions. Instead, he argues that the Court should focus on the fact that there have been no such violations in the instant action. Wilson Opp. at 14. Further, Plaintiff's brief highlights the fact that Wilson himself has not violated any past court orders. *Id.* However, these arguments completely miss the mark. Wilson selected an attorney with a profound history of misconduct and sanctionable offenses. "While one can always hope that Liebowitz will comply with court orders in this case and conform his behavior to the standards of his chosen profession, it is difficult to be sanguine on this score given his track record." *Sadowski*, 2020 WL 3397714, at

*4. In other words, Mr. Liebowitz's record speaks for itself and indicates to this Court that imposition of the bond requested by Defendant is the prudent and proper course.

### C. Constitutional Argument

Wilson also submits a constitutional argument in opposition to D'Apostrophe's motion for a bond. Wilson asserts that the first amendment right to petition the federal government prohibits the requested bond unless the Court can "conclusively determine" that Wilson's claim is frivolous. Wilson Opp. at 18-19. This argument is completely devoid of merit.

By filing this action, Wilson has already utilized the court system. Further, as a result of that filing, Plaintiff successfully obtained a Rule 68 offer in an amount that he might not otherwise have received. This District's rules explicitly authorize this Court, in its discretion, to impose a bond. The Court's decision to do so in order to guard against Mr. Liebowitz's well-known misconduct does not, in any way, violate Plaintiff's constitutional rights. *See Sadowski*, 2020 WL 3397714, at *4.

### D. Bond Amount

Under Local Rule 54.2 the bond amount is left to the Court's discretion. Specifically, the rule provides that "[t]he court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount . . . **as it may designate**." S.D.N.Y. Local Civ. R. 54.2 (emphasis added).

Imposing a bond in the amount of $20,000 is appropriate at this stage of litigation as it is commensurate with bond amounts determined in other similar copyright cases. *See Sadowski*, 2020 WL 3397714, at *5; *Leibowitz*, 2018 WL 4519208, at *2. Although Defendant seeks a bond amount of $50,000, Defendant will be permitted to request an additional bond if this litigation

continues and additional costs accrue.  For now, however, this Court finds $20,000 to be an appropriate and reasonable bond amount.

Wilson asserts that if he must be directed to post a bond, the bond amount should not exceed the cost of acquiring two deposition transcripts, or $1,500.  However, Wilson does not allege that he is unable to post a $20,000 bond.  Therefore, absent additional relevant information which Wilson failed to provide in his Opposition papers, the Court deems that a bond amount of $20,000 is reasonable given the totality of the circumstances.

## **CONCLUSION**

Accordingly, D'Apostrophe's June 24, 2020 motion for a bond is GRANTED (ECF No. 16). Wilson shall post a bond with the Clerk of Court by September 3, 2020 in the amount of $20,000.

**SO ORDERED.**

DATED:     New York, New York
           August 20, 2020

_____
KATHARINE H. PARKER
United States Magistrate Judge