

**CERMELE & WOOD LLP**

Besar Thaci, Associate
besar@cw.legal

September 14, 2020

<u>VIA ECF ONLY</u>

Hon. Katharine H. Parker, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/2020

A conference in this matter is hereby scheduled for **Tuesday September 29, 2020 at 3:30 p.m.** Counsel for the parties are directed to call the Court's teleconference line on the scheduled date and at the scheduled time. **Please dial (866) 434-5269; Access Code: 4858267**.

SO ORDERED:

*Katharine H. Parker* — 9/15/2020
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

   Re: <u>*Adrian Wilson v. D'Apostrophe Design Inc.*
     Docket No.: 20-cv-0003</u>

Dear Judge Parker:

   This firm represents the defendant, D'Apostrophe Design Inc. ("<u>D'Apostrophe</u>"), in the above-referenced action. Pursuant to Your Honor's Individual Practices in Civil Cases, and Local Civil Rule 37.2, D'Apostrophe, regrettably, submits yet another letter to request a pre-motion discovery conference, at a date and time of Your Honor's choice, to file a motion to compel or dismiss and/or for sanctions. Plaintiff, Adrian Wilson, continues to curtail access to essential disclosures in order to pressure D'Apostrophe into settling this matter for an unwarranted sum, and deprive it from enforcing the Bond (as defined below).

   On August 20, 2020, this Court entered an opinion and order (the "<u>Order</u>") directing Mr. Wilson to post a $20,000 bond (the "<u>Bond</u>"), with the Clerk's Office by September 3, 2020. *See* Dkt. 29. On September 3, 2020, Mr. Wilson's counsel, Richard Liebowitz, filed a declaration (the "<u>Declaration</u>"), stating that he "deposited a $20,000 security bond to the Clerk of Court," without any further details or enclosing a copy thereof. *See* Dkt. 30. Subsequently, on September 9, 2020, the Cashier's Office issued a notification stating that it "received $20,000.00 from Adrian Wilson," referencing a receipt of what appears to be a cash deposit.

   D'Apostrophe is unsure whether Mr. Wilson secured the Bond through the undertaking of a surety, or by a cash deposit (the filing of the Cashier's Office and the Declaration seem to indicate two different things), and critically is unaware what the terms of the Bond he purportedly posted are, or whether or not they are consistent with the Order. Accordingly, D'Apostrophe wrote multiple times to Mr. Liebowitz requesting a copy of the Bond, but – unsurprisingly – he failed to furnish it without giving any explanation. My efforts to meet-and-confer telephonically with Mr. Liebowitz regarding this matter have been ignored.

   It is D'Apostrophe's position that Mr. Wilson must produce a copy of the Bond. Local Civil Rule 65.1.1 sets forth in detail the manner how a bond must be secured, and the criteria for its validity. Specifically, rule 65.1.1(b) delineates that:

---

Hon. Katharine H. Parker, U.S.M.J.
September 14, 2020
Page 2

---

[E]very bond … must be secured by: (1) the deposit of cash or government bonds in the amount of the bond … (2) the undertaking or guaranty of a corporate surety holding a certificate of authority from the Secretary of the Treasury; or (3) the undertaking or guaranty of two individual residents of the district in which the case is pending, each of whom owns real or personal property within the district worth double the amount of the bond …

In addition, Rule 65.1.1(d) requires that in the event that a bond is secured through the undertaking of a surety, then "each surety shall attach the surety's affidavit of justification, giving the surety's full name, occupation, residence and business addresses, and showing that the surety is qualified…" D'Apostrophe has not been able to ascertain that the terms of the Bond allegedly filed by Mr. Wilson are consistent with, *inter alia,* any of the foregoing provisions.

Critically, D'Apostrophe will not be able to potentially enforce the Bond without having a copy of it. Under Rule 65.1.1(f), D'Apostrophe must enclose a copy of the Bond with its motion papers and serve each surety. Specifically, this rule provides that "[w]henever a notice of motion to enforce the liability of a surety upon a bond is served … the party making such motion shall deposit with the clerk the original, three copies, and one additional copy for each surety to be served."

Clearly, Mr. Wilson is obligated to provide a copy of Bond and to the extent he has refused to do so, he should be compelled by a court order to provide it, or otherwise the complaint should be dismissed, and Mr. Liebowitz sanctioned. It is D'Apostrophe's inclination to avoid bringing unnecessary discovery issues to the Court's attention, but Mr. Wilson has demonstrated by his conduct that he will not provide any single document without unnecessary motion practice. Mr. Wilson's refusal to provide a copy of the Bond is in line with his prior refusal to provide: (i) a copy of the application for the deposit files with the U.S. Copyright Office (the "USCO"), (ii) copies of the correspondence with the USCO, and (iii) copies of the receipt of payment for same, for which D'Apsotrophe had to incur unnecessary fees to obtain them. This style of litigating is motivated by no reason other than Wilson's attempts to force an unreasonable settlement, and to prevent a potential enforcment of the Bond in the event that this case does not settle for the amounts he has been demanding.

D'Apostrophe thanks the Court for its time and attention to this matter.

Respectfully,

/s/ Besar Thaci
Besar Thaci

cc:   Richard P. Liebowitz, Esq.
      (*via* ECF)